The Ghahoelloe.
I deem it my duty, in advance of any further argument, to declare that the restraining order, to operate as a temporary injunction until the hearing, must be denied. It is a violation of the spirit of the rule, which forbids the issuing of an injunction to restrain the construction of any public work authorized by a law of the state until after hearing upon the rule to show cause. The power of the court to control the operation of the rule, and to grant a restraining order before or during the progress of the hearing, is not questioned. Nor is it doubted that the defendants may, by their answer, render the granting of the injunction proper without a hearing. If, in the opinion *448 of counsel, the present case falls within that category they would not ask for time to take affidavits. If the case is so doubtful as to require or justify the taking of further affidavits, counsel ought not to be permitted to speculate upon the views of the court. Nor should the court permit itself to be drawn into the expression of any opinion upon the merits of an important question upon a partial argument, which is not designed to involve a final disposition of the question. If the defendants asked indulgence, the court might properly impose terms upon granting the application. But they ask no indulgence. They have promptly prepared for the hearing. It would'be onerous and unjust to impose upon them, as a consequence of the indulgence asked by the complainants, the very burthens against which the rule was designed to guard. This part of the application is denied. The defendants will be heard upon the other orders applied for.
The Attorney General and Vroom, for defendants,
argued that those parts of the answers of the defendants which the complainants proposed to rebut by affidavits were not new matters, but were directly responsive to the allegations of the bill, and that application for the order, if otherwise admissible, was out of time.
Field, in reply.
The Chahcellok.
The rule does not in terms require that the rebutting affidavits to be taken shall be confined to new matters set up by the answer. It does in terms require that the affidavits annexed to the answer shall be merely in reply to affidavits annexed to the bill. And it would seem to be the fair and reasonable construction of the rule, that the rebutting affidavits should be confined within the same limits, viz. to rebutting the affidavits annexed to the answer. Where the answer is by a corporation, which is put in under the corporate seal, the affidavits annexed to the answer necessarily cover the whole scope of the answer. I think, *449 therefore, the affidavits proposed to be taken are fairly within the scope of the rule. Both parties will have leave to take affidavits, reserving all questions as to their competency to be disposed of at the hearing. Under the terms of the rule, the affidavits must be taken upon notice, that an opportunity of cross-examination may be afforded. ' MJx parte affidavits taken under the requirements of Mule V are not competent. The application for the order is clearly out of time. It should regularly be made before the reading of the case is commenced. The fact, that the answers were filed on the day fixed for the hearing, and that time was not afforded to counsel for a deliberate examination of their contents, joined with the importance of the interests involved, will justify a departure from the ordinary practice.
The complainants have leave to amend their bill in the particular specified. The amendment proposed, though material, is of a character which is permitted to be made, very much as a matter of course, either before or after hearing, and after injunction granted, without prejudice to the injunction. The amendment may be drafted, and annexed to the original bill, in accordance with the forms adopted by the court, without engrossing, the amended bill anew.